IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY DALE, )<br>)<br>Appellant, )<br>v. )<br>)<br>ALGERNON L. BUTLER, III, )<br>)<br>)<br>Appellee. ) | No. 7:19–CV–254–BR |
| WENDY DALE, )<br>)<br>Appellant, )<br>v. )<br>)<br>ALGERNON L. BUTLER, III, and )<br>ASCENDIUM EDUCATION )<br>SOLUTIONS, INC. )<br>)<br>Appellees. ) | No. 7:20–CV–30–BR |

ORDER

This matter is before the court on Wendy Dale's ("appellant") motions to consolidate her appeals from the Bankruptcy Court. (No. 7:19–CV–254–BR, DE # 17; No. 7:20–CV–30–BR, DE # 10.)[1] Algernon Butler, III did not file a response. Ascendium Education Solutions, Inc. ("Ascendium") filed a response in opposition. (DE # 12.) The matter is now ripe for adjudication.

Appellant requests her appeals be consolidated because they are "from the same underlying bankruptcy case and the respective records on appeal consist of many of the same documents." (Appellant's Mot., DE # 10, ¶ 6.) Thus, appellant contends it would be judicially efficient to "resolve both appeals simultaneously." (Id.) Ascendium claims "[t]he two appeals

---

[1] All further citations refer to Case Number 7:20–CV–30–BR.

are wholly unrelated. While they arise from the same bankruptcy case, that is the extent to which they share anything in common." (Resp. Opp'n, DE # 12, ¶ 2.)

> The district courts . . . have inherent authority to consolidate [bankruptcy] appeals. Bankruptcy Rule 8002, however, does not provide a standard to determine when consolidation is proper. At least one other district court has relied on Bankruptcy Rule 7042's reference to [Federal] Rule [of Civil Procedure] 42, with regard to the consolidation of bankruptcy adversary proceedings, to apply [] Rule 42 to the consolidation of appeals. Another district court has applied [] Rule 42 without any reference to the Bankruptcy Rules. [] Rule 42 provides the relevant legal standard.

Willows Account, LLC v. AG/ICC Willows Loan Owner, LLC, No. 2:14–cv–00637–APG, 2014 U.S. Dist. LEXIS 76872, at *3-4 (D. Nev. May 28, 2014) (collecting cases); accord Fed. R. Bankr. Pro. 8026(b)(1) (when there is no controlling procedural law, "[a] district court [] may regulate practice in any manner consistent with federal law, applicable federal rules, the Official Forms, and local rules."). Under Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may. . . consolidate the actions." Fed. R. Civ. Pro. 42(a). "Policies of judicial economy generally favor the consolidation of related actions." Quillen v. Guttman, No. CIV. RDB 09–1986, 2010 WL 1416122, at *2 (D. Md. Apr. 5, 2010) (citing Coyne & Delaney Co. v. Selman, 98 F.3d 1457, 1473 (4th Cir.1996)).

> "[D]istrict courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district." A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977). When exercising this discretion, district courts should "weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." In re Cree, Inc., Sec. Litig., 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)).

Bess v. Cty. of Cumberland, N.C., No. 5:11–CV–388–BR, 2011 WL 4809879, at *9 (E.D.N.C. Oct. 11, 2011).

2

Appellant contends the first appeal involves: "whether the Debtor acted in good faith during her Chapter 7 bankruptcy and was qualified to be a Chapter 13 Debtor and whether the Trustee's proposed Compromise Settlement was necessary and reasonable[,]" (Appellant's Mot., DE # 10, ¶ 1), as well as,

> whether the Trustee failed to properly exempt payments from Debtor's lawsuit against her prior employer and whether the claim of creditor Ascendium Education Solutions, Inc. was still valid given that they sold the underlying debt to a third party without filing evidence that the claim had been transferred.

(Id. ¶ 2). Appellant contends the second appeal involves the validity of Ascendium's claim "and proposed evidence of transfer." (Id. ¶ 3.) In response, Ascendium contends "[t]he first appeal concerns appellant's right to convert from Chapter 7 to Chapter 13 while the second concerns the transfer of Ascendium's claim and the Appellant's objection to Ascendium's claim." (Resp. Opp'n, DE # 12, ¶ 3.)

Plaintiff's appeals derive from the same bankruptcy proceeding, but the appeals involve different parties and focus on different legal issues. Specifically, the second appeal focuses on the validity of the claim of Ascendium, a creditor who is not even a party to the first appeal, (compare In Re: Wendy M. Dale, No. 7:19–CV–254–BR, DE # 1-1 (Dec. 9, 2019), with In Re: Wendy M. Dale, No. 7:20–CV–30–BR, DE # 1-1 (Feb. 6, 2020)). The issues are not sufficiently common and consolidation would not serve the judicial economy. See Terry v. Sparrow, 328 B.R. 450, 457 (M.D.N.C. 2005) (denying a motion to consolidate plaintiff's appeals because the bankruptcy cases involved separate entities with separate bankruptcy estates and the appeals raised different issues).

Plaintiff's motions (DE ## 10, 17) are DENIED.

This 28 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge