IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19–CV–254–BR

| | | |
|---|---|---|
| WENDY DALE, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | ORDER |
| | ) | |
| ALGERNON L. BUTLER, III, | ) | |
| | ) | |
| Appellee. | ) | |

This matter is before the court on appellant Wendy Dale's motion for rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022. (DE # 24.) Appellant requests that the court rehear her appeal from the bankruptcy court's 9 December 2019 and 8 January 2020 orders, which this court affirmed on 17 November 2020.

> A motion for rehearing under Bankruptcy Rule 8022 must state with particularity each point of law or fact that the movant believes the district court has overlooked or misapprehended. Fed. R. Bank. P. 8022(a)(2). Although the Rule does not specify a standard of review, the standard used to evaluate motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is appropriate. *See Maines v. Wilmington Sav. Fund Soc'y*, No. 3:15CV00056, 2016 WL 6462141, at *1–*2 (W.D. Va. Oct. 31, 2016) ("Petitions for rehearing function to ensure that the court properly considered all relevant information in reaching its decision; they should not be used to simply reargue the plaintiff's case or assert new grounds." (internal quotation marks and citations omitted)); *In re Envtl. Techs. Int'l, Inc.*, No. 8:15-AP-786-KRM, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017) (applying Rule 59(e) standard to motion under Bankruptcy Rule 8022); *Am. First Fed., Inc. v. Theodore*, 584 B.R. 627, 632–33 (D. Vt. 2018); *Ocwen Loan Servicing, LLC for Deutsche Bank Nat'l Tr. Co. v. Randolph*, No. BR 15-10886, 2018 WL 2220843, at *2 (W.D. Pa. May 15, 2018) (a Rule 8022 motion functions, essentially, like a traditional motion for reconsideration). Such a motion may be granted on three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). The motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al.*, Federal

Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright *et al.*, *supra*, § 2810.1, at 124).

Kelly v. Schlossberg, No. CV PX-17-3846, 2018 WL 4357486, at *2 (D. Md. Sept. 12, 2018), aff'd sub nom. In re Myers, 773 F. App'x 161 (4th Cir. 2019).

Appellant contends that the court misconstrued the factual and legal issues regarding the conversion of her bankruptcy case from Chapter 7 to Chapter 13 and the reasonableness of the trustee's settlement of her employment discrimination lawsuit. (Mot., DE # 24, at 2.) She is rearguing her appeal on those issues or raising arguments that could have been asserted earlier. The court declines to revisit its ruling on appeal, and appellant's motion is DENIED.

This 3 February 2021.

_____
W. Earl Britt
Senior U.S. District Judge